**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0951-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DASHON T. ROSS, a/k/a
SAHEED MILFORD, DWIGHT
SMITH, DASHONE THOMAS,
and SAHEID MILLFORD,

     Defendant-Appellant.

_____

Submitted April 1, 2025 – Decided July 3, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 16-06-1805 and 16-06-1808.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dashon Ross appeals from an order denying his petition for post-conviction relief (PCR) without a hearing claiming ineffective assistance of counsel (IAC). Defendant asserts trial counsel was ineffective by failing to object to testimony offered by the State from State Police witnesses' referencing a man depicted in a video shown to the jury as "the defendant." Defendant argues he was entitled to an evidentiary hearing requiring his trial counsel to testify concerning the reasons he failed to impose an objection to the troopers' testimony. Because we conclude defendant presented sufficient disputed issues of fact outside the record which satisfied his burden to prove a prima facie case of IAC, we vacate the PCR court's order and remand for an evidentiary hearing.

I.

We rely upon the factual and procedural background set forth in our prior opinion. State v. Ross, No. A-5128-18 (App. Div. June 21, 2021) (slip op. at 1-2). Therefore, a brief summary will suffice.

In June 2016, an Essex County grand jury returned an indictment charging defendant with third-degree simple possession of a controlled dangerous

substance (CDS), heroin, N.J.S.A. 2C:35-10(a); third-degree possession of CDS with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3); third-degree possession of CDS with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7(a); second-degree possession of a CDS with the intent to distribute within 500 feet of public property, N.J.S.A. 2C:35-7.1(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); fourth-degree possession of hollow nose bullets, N.J.S.A. 2C:39-3(f); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); and fourth-degree tampering with evidence, N.J.S.A. 2C:28-6(1). The grand jury also returned a second indictment charging defendant with second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b)(1).

Prior to trial, the State dismissed the charges for third-degree possession of heroin with the intent to distribute; third-degree possession with the intent to distribute heroin within 1000 feet of a school and; second degree possession with the intent to distribute heroin within 500 feet of public property

Defendant was tried on the remaining charges over five days. During the trial, the State presented a store security video of a man discarding a firearm on a store shelf. The State called State Police witnesses to testify concerning the video. On several occasions during their testimony, they referenced the man

depicted in the video as "the defendant" or "Ross," eventually prompting an objection from defense counsel. The trial court sustained the objection. After trial, the jury found defendant guilty of third-degree possession of heroin and fourth degree resisting arrest. The jury did not reach a verdict on the remaining counts of possession of a handgun, unlawful possession of hollow nose bullets, tampering with evidence and certain persons not to possess a weapon. Because the jury failed to reach a verdict on whether defendant possessed the firearm, the jurors were not asked to consider the bifurcated certain persons jury charge.

Thereafter, defendant was retried in a bifurcated trial over five days on the charges for which the jury was unable to reach a verdict. Unlike the first trial, defense counsel chose not to object when the State Police witnesses again referred to the individual depicted in the security video as "the defendant." Instead, defense counsel requested a limiting instruction from the court to ensure the jury rendered their own conclusions as to the identity of the person depicted in the video.

The jury convicted defendant on all charges. The court granted the State's motion to sentence defendant to an extended term of imprisonment as a persistent offender, N.J.S.A. 2C:44-3(a). On the second-degree unlawful possession of a firearm conviction, defendant was sentenced to ten years

A-0951-23

imprisonment, subject to a five-year period of parole ineligibility. On the third-degree possession of CDS conviction, defendant was sentenced to a term of four years imprisonment to run concurrently with the ten-year sentence. On the fourth degree resisting arrest conviction and the fourth degree tampering with physical evidence, defendant was sentenced to eighteen months with both terms to run concurrently with the ten-year sentence. On the second-degree certain persons not to possess a weapon conviction, defendant was sentenced to ten years imprisonment with a five-year period of parole ineligibility to run concurrently with the sentence on the previous convictions.

Defendant appealed his conviction and sentence and we affirmed. Id., slip op. at 1. Defendant's petition for certification was denied. State v. Ross, 248 N.J. 486 (2021).

Subsequently, defendant filed a self-represented petition for PCR which was supplemented by assigned PCR counsel. After hearing argument, the court entered a written order and decision denying the petition without a hearing.

On appeal, defendant raises the following single point:

> THE PCR COURT ERRED IN DENYING WITHOUT AN EVIDENTIARY HEARING PETITIONER'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO IMPROPER TESTIMONY IDENTIFYING THE MAN

A-0951-23

IN VIDEO FOOTAGE PLAYED FOR THE JURY AS "THE DEFENDANT".

Specifically, defendant contends his trial counsel was ineffective by failing to object to the State Police witnesses' testimony which referred to the individual in the surveillance video as "the defendant." He argues the testimony was clearly improper and but for counsel's errors, the result of the proceeding would have been different because defendant was challenging his identification by the State. He contends an evidentiary hearing was required to elicit testimony concerning the "strategic" reasons for his trial counsel's failure to object. We agree.

II.

To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Under Strickland, a defendant first must show that their attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688. "To satisfy prong one, [defendant] had to 'overcome a "strong presumption" that counsel exercised "reasonable professional

6

judgment" and "sound trial strategy" in fulfilling his responsibilities.'" State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). "[I]f counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is 'virtually unchallengeable.'" Ibid. (alteration in original) (quoting State v. Chew, 179 N.J. 186, 217 (2004)).

Under the second prong of Strickland, a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). That is, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Gideon, 244 N.J. 538, 550-51 (2021) (alteration in original) (quoting Strickland, 466 U.S. at 694).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462-63 (1992).

In our direct appeal opinion, we reviewed defendant's conviction under a plain error standard and determined "the [State Police witnesses'] references to

the defendant while narrating the surveillance video were not capable of producing an unjust result." Id. at 16, citing R. 2:10-2. We determined defendant did not meet the plain error standard entitling him to a new trial because "defense counsel expressly told the judge that he was refraining from making an objection." Ibid. Under these unique factual circumstances, we concluded that "defendant was hard-pressed to rely on the number of references that were made [calling the person in the video "the defendant"] as a basis for distinguishing Singh[1] and finding reversible error."

In the unusual circumstances presented here, our prior finding that admission of the State Police witnesses' inappropriate testimony did not rise to the level of plain error does not categorically foreclose the possibility of establishing both prongs of the Strickland/Fritz test with respect to the performance of counsel at the second trial. The PCR court assumed that the decision not to object at the second trial was a strategic decision. But given our prior holding that the troopers' references to the person depicted in the video as "the defendant" were inappropriate and objectionable, we believe the decision not to object to comparable testimony at the second trial needs to be explained by counsel. Stated another way, if the decision not to object was a strategic

---

[1] State v. Singh, 245 N.J. 1 (2021).

decision, that explanation needed to be made by counsel, not assumed by the PCR court. We therefore deem it appropriate to remand for an evidentiary hearing.

We offer no opinion with respect to the outcome of the hearing. Nor do we offer an opinion with respect to whether, if defendant proves that his counsel's performance was deficient for failing to object to the State Police witnesses' testimony that he will also establish the second prong of the Strickland test. We leave that determination to the PCR court in the first instance.

The October 27, 2023 order is vacated and the matter is remanded for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9 A-0951-23